**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4094**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY TYRONE BYERS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:18-cr-00030-GMG-RWT-1)

Submitted:  June 13, 2019                         Decided:  June 17, 2019

Before WYNN and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Kimberley DeAnne Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Tyrone Byers appeals the district court's judgment revoking his supervised release and imposing a sentence of 21 months of imprisonment. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning the reasonableness of Byers' sentence. Byers has filed a pro se supplemental brief generally alleging that he is entitled to additional custody credit. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, [we] must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007).

Our review of the record leads us to conclude that Byers' within-range sentence— to which he agreed—is not unreasonable, much less plainly so. To the extent Byers seeks credit for time spent in state custody, it is the responsibility of the Attorney General, not a court, to determine whether an inmate should receive credit for time served prior to commencing a federal term of imprisonment. *United States v. Wilson*, 503 U.S. 329, 334 (1992).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Byers, in writing, of the right to petition the Supreme Court of the United States for further review. If Byers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Byers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*